HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOAN RILEY JAGER,

    Plaintiff,

    v.

JO ANNE B. BARNHART, Commissioner of Social Security,

    Defendant.

Case No. C03-5147 RBL

ORDER GRANTING PLAINTIFF'S MOTION FOR FEES UNDER THE EAJA

## INTRODUCTION

This matter is before the court on plaintiff Joan Jager's motion for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412. Dkt. #40.  For the reasons set forth below, plaintiff's motion for fees is GRANTED.

## DISCUSSION

Jager argues that she is the prevailing party under the statute, and the government has not established its burden that the litigation was substantially justified. The government argues that it is not required to pay plaintiff's fees because the litigation was substantially justified, plaintiff's fees are unreasonable, and this Court lacks jurisdiction.

The government first argues that this Court lacks jurisdiction.  The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, *a court shall award* to a prevailing party, other than the United States, fees and other expenses, in addition to any costs . . . incurred by that party *in any civil action* (other than cases sounding in tort), *including proceedings for judicial review* of agency action, brought by or against the United States

ORDER
Page - 1

*in any court having jurisdiction of that action*, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1) (emphasis added). Here, plaintiff asks for fees and costs incurred in District Court and at the Ninth Circuit. Because the prevailing party shall be awarded fees and costs in any court having jurisdiction, and this Court has jurisdiction over the action, it has jurisdiction over plaintiff's motion for fees.

Second, the government is not exempt from the EAJA because its arguments were not substantially justified, as detailed by the Ninth Circuit. The government's argument that because other judges found its arguments to be acceptable is also insufficient. If it were, every motion for attorneys' fees under the statute would be denied, because no party would be able to prove that the decision they appealed was not substantially justified, as there is always a reasonable judge that affirmed the decision below.

Finally, while there may be a benchmark in other district courts as to a reasonable amount of time an experienced attorney will spend on a Social Security case that is neither complex nor novel, the government has provided no evidence to demonstrate this case was not complex. Thus, plaintiff's fees are reasonable.

## CONCLUSION

Plaintiff's motion for fees, Dkt. #40, is GRANTED. It is hereby ORDERED that plaintiff's attorney be awarded EAJA fees of $20,131.40 and expenses of $184.79 under 28 U.S.C. § 2412 and costs of $1,475.80 as established in 28 U.S.C. § 1920, payable from the Judgment Fund pursuant to 31 U.S.C. § 1304.

Dated this 30th day of November, 2006.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE